Richard A. Hearn (ISB # 5574)
John J. Bulger (ISB # 8375)
HEARN LAW, PLC
155 S.  2nd Avenue
P.O. Box 70
Pocatello, Idaho 83204
Telephone: (208) 904-0004
Facsimile: (208) 904-1816
Email: hearn@hearnlawyers.com
        bulger@hearnlawyers.com

Shane Reichert (ISB # 8662)
Stratton Laggis (ISB # 9414)
REICHERT LAGGIS PLLC
420 South 4th Avenue
Pocatello, Idaho 83201
Telephone: (208) 232-4051
Facsimile: (208) 232-2880
Email: shane@rlidaholaw.com
        stratton@rlidaholaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAYLEE WILLIAMSON,<br><br>        Plaintiff,<br><br>vs.<br><br>KEDRICK WILLS, individually and as Director of the Idaho State Police;  ERIC DAYLEY, individually and as Captain of Idaho State Police, District 5; LEE EDGLEY, individually and in his official capacity; BRADY BARNES, individually and in his official capacity; PAUL GILBERT, individually and in his official capacity; PAUL OLSEN, individually and in his official capacity; MARCUS GRAHAM, individually and in his official capacity; and | Case Number: 4:19-cv-99<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL (JURY DEMAND PER F.R.C.P. 38(b))**<br><br>**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983** |

TOM SELLERS, individually and in his
official capacity;

        Defendants.

COMES NOW the above-entitled Plaintiff SHAYLEE WILLIAMSON, by and through

her counsel, HEARN LAW, PLC, and REICHERT LAGGIS, PLLC, and for cause of action

against Kedrick Wills, individually and as Director of the Idaho State Police;  Eric Dayley,

individually and as Captain of Idaho State Police, District 5; Lee Edgley, individually and in his

official capacity; Brady Barnes, individually and in his official capacity; Paul Gilbert, individually

and in his official capacity; Paul Olsen, individually and in his official capacity; Marcus Graham,

individually and in his official capacity; and Tom Sellers, individually and in his official capacity;

asserts and alleges as follows:

## I.      <u>NATURE OF THE CASE</u>

This action arises under the Fourth Amendment to the United States Constitution; under

federal law in 42 U.S.C. § 1983; under federal law in 28 U.S.C. § 1367; and under the Idaho Tort

Claims Act in I.C. §§ 6-901, 6-902, 6-906, 6-907 for excessive force; gross negligence; reckless,

willful, and wanton conduct; and deliberate indifference. The officer Defendants were acting in

the scope of their employment as law enforcement officers of the State of Idaho, under color of

state law, whereby they unlawfully used excessive force against the Plaintiff. Wills and Dayley,

by their actions and/or inactions, including failing to discipline officers Edgley, Gilbert and

Barnes, and in other regards, ratified the conduct of the officers. The Defendants' actions caused

personal injury and mental anguish to the Plaintiff.

## II.    JURISDICTION AND VENUE

1.    Plaintiff brings this action pursuant to 42 U.S.C. §1983 to redress a deprivation of
civil rights under color of state law. Jurisdiction is invoked in this Court pursuant
to 28 U.S.C. §§ 1331, and 1343.

2.    Jurisdiction of this court for the pendent or supplemental claims is authorized by
28 U.S.C. § 1367(a) and F.R.C.P. 18(a) and arises under the doctrine of pendent
jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). See
also: *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006).

3.    On September 27, 2017, Plaintiff, through counsel, timely filed a Notice of Tort
Claim with the State of Idaho, wherein she maintained, among other complaints,
that her rights under the Fourth Amendment to the United States Constitution had
been violated and that she was harmed under the Idaho Tort Claims Act per I.C. §§
6-901, 6-902, 6-906, 6-907 for unreasonable seizure; excessive use of force; gross
negligence; reckless, willful, and wanton conduct; and deliberate indifference.

4.    At all times relevant hereto, Plaintiff was a resident of the City of Pocatello,
Bannock County, Idaho and a citizen of the United States of America.

5.    At all times relevant hereto, Defendant DETECTIVE LEE EDGLEY ("Edgley")
was employed by the Idaho State Police, a department of the State of Idaho.  Edgley
is sued in his official and individual capacity.  At the time of the incident herein,
Edgley was acting within the course and scope of his employment.

6.    At all times relevant hereto, SGT. PAUL OLSEN ("Olsen") was employed by the
Idaho State Police, a department of the State of Idaho.  Olsen is sued in his official

and individual capacity. At the time of the incident herein, Olsen was acting within the course and scope of his employment.

7.     At all times relevant hereto, Defendant DETECTIVE BRADY BARNES ("Barnes") was employed by the Idaho State Police, a department of the State of Idaho.  Barnes is sued in his official and individual capacity. At the time of the incident herein, Barnes was acting within the course and scope of his employment.

8.     At all times relevant hereto, Defendant DETECTIVE MARCUS GRAHAM ("Graham") was employed by the Idaho State Police, a department of the State of Idaho. Graham is sued in his official and individual capacity. At the time of the incident herein, Graham was acting within the course and scope of his employment.

9.     At all times relevant hereto, Defendant DETECTIVE TOM SELLERS ("Sellers") was employed by the Idaho State Police, a department of the State of Idaho. Graham is sued in his official and individual capacity. At the time of the incident herein, Sellers was acting within the course and scope of his employment.

10.    At all times relevant hereto, Defendant DETECTIVE PAUL GILBERT ("Gilbert") was employed by the Idaho State Police, a department of the State of Idaho. Graham is sued in his official and individual capacity. At the time of the incident herein, Gilbert was acting within the course and scope of his employment.

11.    At all times relevant hereto, CAPTAIN ERIC DAYLEY ("Dayley") was the duly appointed Captain of Idaho State Police, District 5, in Bannock County, Idaho.  As such, he was the commanding officer of Defendants Edgley, Olsen, Barnes, Graham, Sellers and Gilbert and was responsible for their training, supervision, and conduct. He was also responsible by law for enforcing the regulations of the Idaho

State Police and for ensuring that Idaho State Police personnel obey the laws of Idaho and of the United States. At all times, he was acting in such capacity as the agent, servant and employee of the State of Idaho. He is sued individually and in his official capacity.

12. At all times relevant hereto, COLONEL KEDRICK WILLS ("Wills") was the director of the Idaho State Police, a department of the State of Idaho. As such, Wills was responsible for the oversight of Idaho State Police and its officers. At all times, he was acting in such capacity as the agent, servant and employee of the State of Idaho. He is being sued individually and in his official capacity.

13. All Defendants have acted under color of state law at all times material hereto.

14. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343, and 1367(a).

15. Venue is proper in this Judicial District under 28 USC § 1391(b) and (c) because Plaintiff and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred in this district.

16. This action is being brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the Constitution of the United States.

## III.   FACTS UPON WHICH PLAINTIFF'S CLAIMS ARE BASED

17. On March 27, 2017, Plaintiff Shaylee Williamson (hereafter "Williamson"), was at a residence in Pocatello, Idaho, in the company of Rocco Chacon. Unbeknownst to Ms. Williamson, the residence was being watched by officers with the Idaho

State Police, who were surveilling Mr. Chacon as part of a law enforcement investigation that was first formulated only hours earlier.

18.    Officers Edgley, Barnes, Gilbert, Olsen, Graham, and Sellers all participated in the surveillance and planning to apprehend Mr. Chacon.

19.    Ms. Williamson was not the focus of law enforcement's attention, and they were not aware of her presence in the home.

20.    Officers had confirmed Mr. Chacon's presence at the home when he came outside briefly to start his car.  He then returned to the residence.

21.    The officers communicated by radio their plans to "box in" Mr. Chacon's vehicle once he was driving and came to a stop, effecting an arrest for several outstanding warrants.  Chacon was not known to the officers as a flight risk or to be dangerous.

22.     A short time later, Mr. Chacon and Ms. Williamson exited the home together and got into Mr. Chacon's vehicle.

23.    Radio communications between the officers acknowledged that an unidentified woman had gotten into the passenger side of Chacon's vehicle.  However, the plan to box in Chacon's vehicle was not aborted.

24.    The plan formulated by the officers was not followed. Due to location and/or miscommunication, the vehicles did not deploy as the officers had discussed doing.

25.    Utilizing multiple unmarked vehicles, law enforcement attempted to box in Mr. Chacon's vehicle when it came to a stop at the intersection of Golden Gate Street and Olympus Drive.

26.    Officers, dressed in plain clothes or with no readily identifiable means to identify them as law enforcement, converged on the vehicle with weapons drawn.

27.     Officer Edgley yelled, "Get the fuck out of the car!  Get the fuck out of the car!" while brandishing his weapon. He did not identify himself as a police officer.

28.     Williamson was not aware that the individuals approaching the vehicle were law enforcement officers. Although she did not know what was happening or who the individuals were, Williamson raised her hands inside the vehicle to show she presented no threat.

29.     Chacon, believing they were about to be robbed, began to turn his vehicle's wheels sharply to avoid Edgely and the vehicle stopped in front of him so that he could drive away through a gap in the law enforcement vehicles.  His vehicle rolled backwards a slight distance, away from Officer Edgley.

30.     Before Chacon was able to move his car forward, Defendants Edgley, Gilbert and Barnes commenced to fire their weapons at the vehicle.

31.     Bullets struck Plaintiff in the hand, the forearm and her torso, causing her life-threatening injuries.

32.     Chacon rapidly accelerated from the scene and officers gave pursuit.

33.     The vehicle was stopped after a short pursuit, Mr. Chacon was apprehended with no issues, and Ms. Williamson was approached by officers who determined she was gravely injured.  She was transported to Portneuf Medical Center for surgery.

34.     As a direct and proximate result of the conduct by the officers, Williamson suffered deforming injuries to her arm and hand.  A bullet remains lodged in her liver and cannot be removed without endangering her life.

35.     Each officer failed to properly assess the risk of injury to Williamson when they failed to abort their plan to box in Chacon's car once they saw that he was not alone.

36.     Officers Edgley, Gilbert and Barnes failed to properly assess the need for the use of deadly force when Chacon did not immediately comply.

37.     Officers Edgley, Gilbert and Barnes failed to properly assess the risk of injury to Williamson when they discharged their weapons at the vehicle, thereby individually and jointly violating her constitutional rights by using excessive force.

38.     In taking the drastic action of use of deadly force unnecessarily, the officers violated Williamson's Fourth Amendment constitutional right to be free from unreasonable seizure.

39.     No reasonable police officer would have believed that, under the circumstances as alleged herein, firing numerous rounds into the vehicle would have been constitutional.

40.     In failing to discipline Edgley, Gilbert and Barnes, and in other regards, Dayley ratified their conduct.

41.     Wills and Dayley failed to insure the proper training of Edgley, Gilbert and Barnes in the use of deadly force by discharging their firearms, stop procedures, and identification.

42.     As a direct and proximate result of the Defendants' conduct, Williamson experienced pain and suffering, medical expenses, shattered bones, bullet remnants in her body, permanent disfigurement, loss of function, emotional distress and lost wages, now and in the future.

43.     On information and belief, the dangerous stop performed by the officers was consistent with an institutionalized practice, pattern or custom of the Idaho State Police which was known to and ratified by Defendants Dayley and Wills, the

Defendants having at no time taken any effective action to prevent Idaho State Police personnel from continuing to engage in such conduct.

44. The failure to properly train Defendants Edgley, Gilbert and Barnes included the failure to instruct them on the constitutional use of force.

45. On information and belief, Defendants Dayley and Wills authorized, tolerated as institutionalized practices, and ratified the misconduct herein before detailed by:

   a. Failing to properly discipline, restrict, and control employees, including Defendants Edgley, Gilbert and Barnes, known to be irresponsible in their dealing with citizens of the community;

   b. Failing to take adequate precautions in the hiring, promotion, retention of police personnel, including specifically Edgley, Gilbert and Barnes; and

   c. Failing to establish and/or assure the functioning of a bona fide and meaningful departmental system for dealing with discharging firearms, stop procedures and identification.

This conduct also constitutes gross negligence under state law.

46. As a consequence of the abuse of authority detailed above, Williamson sustained the damages described above.

## IV.   FEDERAL CAUSE OF ACTION

47. The above-described actions and omissions, engaged in under color of state authority by the Defendants, each sued as a person, and those responsible because of their authorization, condonation, and ratification thereof for the acts of their agents, deprived the Plaintiff of rights secured to her by the Constitution of the United States, including, but not limited to her Fourth Amendment right to be free

from unlawful seizure and by the Idaho Constitution, including, but not limited to, Article I, Section 17 right to be free from unlawful seizure. Such deprivation of constitutional rights creates a cause of action against Defendants pursuant to 42 USC § 1983.

## V.      PENDENT STATE CAUSES OF ACTION

48.    The allegations set forth in preceding paragraphs are incorporated herein by reference. Williamson timely filed a Notice of Claim to be filed with and served upon the proper officers.

49.    There was no response to said Notice of Claim within the appointed time.

50.    The acts set forth above constitute assault, battery, excessive force, negligent and intentional infliction of emotional distress, conspiracy, negligence and gross negligence by the Defendants under the laws of the state of Idaho.

51.    This Court has pendent jurisdiction to hear and adjudicate these claims.

52.    Plaintiff is complying with bond requirement by filing concurrently with the United States District Court for the District of Idaho a request for waiver of bond due to indigency.

## ATTORNEYS' FEES

53.    The allegations set forth in preceding paragraphs are incorporated herein by reference.

54.    As a direct and proximate result of the conduct of Defendants, Plaintiff has been required to retain the services of counsel.

55.    Plaintiff is entitled to an award of attorney fees pursuant to 42 USC § 1988 and Idaho Code §§ 12-117, 12-120 and 12-121.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.    An award of past and future damages against all the Defendants, jointly and

    severally, for the injuries to Plaintiff, in an amount to be proved at trial but in

    excess of $75,000;

B.    An award of punitive damages against all Defendants for actions undertaken in

    the individual capacities;

C.    An award of Plaintiff's attorney fees reasonably incurred pursuant to 42 U.S.C. §

    1988;

D.    An award of Plaintiff's costs of suit; and

E.    Any such further relief the court deems just and equitable under the

    circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all so triable issues.

DATED this 26th day of March, 2019.

HEARN LAW, PLC

/s/ John J. Bulger
JOHN J. BULGER