Richard A. Hearn (ISB # 5574)
John J. Bulger (ISB # 8375)
John B. Ingelstrom (ISB # 2659)
HEARN LAW, PLC
155 S.  2nd Ave.
Pocatello, ID 83201

Shane Reichert (ISB # 8662)
Stratton Laggis (ISB # 9414)
REICHERT LAGGIS PLLC
420 S 4th Ave
Pocatello, ID 83201

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAYLEE WILLIAMSON,<br><br>    Plaintiff,<br><br>vs.<br><br>RALPH POWELL, individually and in his official capacity as Director of the Idaho State Police;  ERIC DAYLEY, individually and in his official capacity as Captain of Idaho State Police, District 5; LEE EDGLEY, individually and in his official capacity; BRADY BARNES, individually and in his official capacity; PAUL GILBERT, individually and in his official capacity; PAUL OLSEN, individually and in his official capacity; MARCUS GRAHAM, individually and in his official capacity; and TOM SELLERS, individually and in his official capacity;<br><br>    Defendants. | FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL (JURY DEMAND PER F.R.C.P. 38(b))<br><br>VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 |

COMES NOW the above-named Plaintiff SHAYLEE WILLIAMSON, through her

counsel, HEARN LAW PLC and REICHERT LAGGIS PLLC, and for cause of action against

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 1

Ralph Powell, individually and in his official capacity as Director of the Idaho State Police;  Eric

Dayley, individually and in his official capacity as Captain of Idaho State Police, District 5; Lee

Edgley, individually and in his official capacity; Brady Barnes, individually and in his official

capacity; Paul Gilbert, individually and in his official capacity; Paul Olsen, individually and in

his official capacity; Marcus Graham, individually and in his official capacity; and Tom Sellers,

individually and in his official capacity; asserts and alleges as follows:

## I.   NATURE OF THE CASE

This action arises under the Fourth Amendment to the United States Constitution; under

federal law in 42 U.S.C. § 1983; under federal law in 28 U.S.C. § 1367; and under the Idaho Tort

Claims Act in I.C. §§ 6-901, 6-902, 6-903, 6-906, 6-907 for excessive force; negligent or

otherwise wrongful acts or omissions; gross negligence; reckless, willful, and wanton conduct;

and deliberate indifference. The officer Defendants were acting in the scope of their employment

as law enforcement officers of the State of Idaho, under color of state law, whereby they

unlawfully used excessive force against the Plaintiff. Powell and Dayley, by their actions and/or

inactions, including failing to discipline officers Edgley, Gilbert and Barnes, and in other

regards, ratified the conduct of the officers. The Defendants' actions caused personal injury and

mental anguish to the Plaintiff.

## II.   JURISDICTION AND VENUE

1.   Plaintiff brings this action pursuant to 42 U.S.C. §1983 to redress a deprivation of civil

rights under color of state law. Jurisdiction is invoked in this Court pursuant to 28 U.S.C. §§

1331, and 1343.

2.   Jurisdiction of this court for the pendent or supplemental claims is authorized by 28

U.S.C. § 1367(a) and F.R.C.P. 18(a) and arises under the doctrine of pendent jurisdiction as set

forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). See also: *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006).

3.    On September 27, 2017, Plaintiff, through counsel, timely filed a Notice of Tort Claim with the State of Idaho, wherein she maintained, among other complaints, that her rights under the Fourth Amendment to the United States Constitution had been violated and that she was harmed under the Idaho Tort Claims Act per I.C. §§ 6-901, 6-902, 6-906, 6-907 for unlawful and unreasonable seizure; excessive use of force; gross negligence; reckless, willful, and wanton conduct; and deliberate indifference.

4.    At all times relevant hereto, Plaintiff was a resident of the City of Pocatello, Bannock County, Idaho and a citizen of the United States of America.

5.    At all times relevant hereto, Defendant DETECTIVE LEE EDGLEY ("Edgley") was employed by the Idaho State Police, a department of the State of Idaho.  Edgley is sued in his official and individual capacity.  At the time of the incident herein, Edgley was acting within the course and scope of his employment.

6.    At all times relevant hereto, SGT. PAUL OLSEN ("Olsen") was employed by the Idaho State Police, a department of the State of Idaho.  Olsen is sued in his official and individual capacity. At the time of the incident herein, Olsen was acting within the course and scope of his employment.

7.    At all times relevant hereto, Defendant DETECTIVE BRADY BARNES ("Barnes") was employed by the Idaho State Police, a department of the State of Idaho.  Barnes is sued in his official and individual capacity. At the time of the incident herein, Barnes was acting within the course and scope of his employment.

8.   At all times relevant hereto, Defendant DETECTIVE MARCUS GRAHAM ("Graham") was employed by the Idaho State Police, a department of the State of Idaho. Graham is sued in his official and individual capacity. At the time of the incident herein, Graham was acting within the course and scope of his employment.

9.   At all times relevant hereto, Defendant DETECTIVE TOM SELLERS ("Sellers") was employed by the Idaho State Police, a department of the State of Idaho. Graham is sued in his official and individual capacity. At the time of the incident herein, Sellers was acting within the course and scope of his employment.

10.   At all times relevant hereto, Defendant DETECTIVE PAUL GILBERT ("Gilbert") was employed by the Idaho State Police, a department of the State of Idaho. Graham is sued in his official and individual capacity. At the time of the incident herein, Gilbert was acting within the course and scope of his employment.

11.   At all times relevant hereto, Defendant CAPTAIN ERIC DAYLEY ("Dayley") was the duly appointed Captain of Idaho State Police, District 5, in Bannock County, Idaho.  As such, he was the commanding officer of Defendants Edgley, Olsen, Barnes, Graham, Sellers and Gilbert and was responsible for their training, supervision, and conduct. He was also responsible by law for enforcing the regulations of the Idaho State Police and for ensuring that Idaho State Police personnel obey the laws of Idaho and of the United States.  At all times, he was acting in such capacity as the agent, servant and employee of the State of Idaho.  He is sued individually and in his official capacity.

12.   At all times relevant hereto, Defendant COLONEL RALPH POWELL ("Powell") was the director of the Idaho State Police, a department of the State of Idaho. As such, Powell was responsible for the oversight of Idaho State Police and its officers.  At all times, he was acting in

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 4

such capacity as the agent, servant and employee of the State of Idaho.  He is being sued individually and in his official capacity.

13. All Defendants have acted under color of state law at all times material hereto.

14. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343, and 1367(a).

15. Venue is proper in this Judicial District under 28 USC § 1391(b) and (c) because Plaintiff and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred in this district.

16. This action is being brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the Constitution of the United States.

### III. <u>FACTS UPON WHICH PLAINTIFF'S CLAIMS ARE BASED</u>

17.  On March 27, 2017, Plaintiff Shaylee Williamson (hereafter "Williamson"), was at a residence in Pocatello, Idaho, in the company of Rocco Chacon.  Unbeknownst to Ms. Williamson, the residence was being watched by officers with the Idaho State Police, who were surveilling Mr. Chacon as part of a law enforcement investigation that was first formulated only hours earlier.

18. Officers Edgley, Barnes, Gilbert, Olsen, Graham, and Sellers all participated in the surveillance and planning to apprehend Mr. Chacon.

19.  Ms. Williamson was not the focus of law enforcement's attention, and they were not aware of her presence in the home.

20. Officers had confirmed Mr. Chacon's presence at the home when he came outside briefly to start his car.  He then returned to the residence.

21.  The officers communicated by radio their plans to "box in" Mr. Chacon's vehicle once he was driving and came to a stop, effecting an arrest for several outstanding warrants.  Chacon was not known to the officers as a flight risk or to be dangerous.

22.  A short time later, Mr. Chacon and Ms. Williamson exited the home together and got into Mr. Chacon's vehicle.

23.  Radio communications between the officers acknowledged that an unidentified woman had gotten into the passenger side of Chacon's vehicle.  However, the plan to box in Chacon's vehicle was not aborted or reconsidered or revised given the presence of the unidentified woman, Plaintiff Williamson.

24.  The plan formulated by the officers was not followed. Due to location and/or miscommunication, the vehicles did not deploy as the officers had discussed doing.

25.  Utilizing multiple unmarked vehicles, law enforcement attempted to box in Mr. Chacon's vehicle when it came to a stop at the intersection of Golden Gate Street and Olympus Drive.

26. Officers, dressed in plain clothes and/or with no readily identifiable or visible means to identify them as law enforcement, converged on the vehicle with weapons drawn.

27.  Officer Edgley yelled, "Get the fuck out of the car!  Get the fuck out of the car!" while brandishing his weapon. He did not identify himself as a police officer.

28.  Williamson was not aware that the individuals approaching the vehicle were law enforcement officers. Although she did not know what was happening or who the individuals were, Williamson raised her hands inside the vehicle to show she presented no threat.

29. Chacon, believing they were about to be robbed, began to turn his vehicle's wheels sharply to avoid Edgley and the vehicle stopped in front of him so that he could drive away

through a gap in the law enforcement vehicles.  His vehicle rolled backwards a slight distance, away from Officer Edgley.

30.  Before Chacon was able to move his car forward, Defendants Edgley, Gilbert and Barnes commenced to fire their weapons at the vehicle.

31. Bullets struck Plaintiff in the hand, the forearm and her torso, causing her life-threatening injuries.

32. Chacon rapidly accelerated from the scene and officers gave pursuit.

33.  The vehicle was stopped after a short pursuit, Mr. Chacon was apprehended with no issues, and Ms. Williamson was approached by officers who determined she was gravely injured. She was transported to Portneuf Medical Center for surgery.

34.  As a direct and proximate result of the conduct by the officers, Williamson suffered disabling and deforming injuries to her arm and hand, permanent loss of function, and a bullet remains lodged in her liver and cannot be removed without endangering her life.

35.  Each officer failed to properly assess the risk of injury to Williamson when they failed to abort their plan to box in Chacon's car once they saw that he was not alone.

36. Officers Edgley, Gilbert and Barnes failed to properly assess the need for the use of deadly force when Chacon did not immediately comply.

37. Officers Edgley, Gilbert and Barnes failed to properly assess the risk of injury to Williamson when they discharged their weapons at the vehicle, thereby individually and jointly violating her constitutional rights by using excessive force.

38. In taking the drastic action of use of deadly force unnecessarily, the officers violated Williamson's Fourth Amendment constitutional right to be free from unreasonable seizure.

39. No reasonable police officer would have believed that, under the circumstances as alleged herein, firing numerous rounds into the vehicle would have been constitutional.

40. In failing to discipline Edgley, Gilbert and Barnes, and in other regards, Dayley ratified their conduct.

41. Powell and Dayley failed to insure the proper training of Edgley, Gilbert and Barnes in the use of deadly force by discharging their firearms, stop procedures, and identification.

42. On information and belief, the dangerous stop performed by the officers was consistent with an institutionalized practice, pattern or custom of the Idaho State Police which was known to and ratified by Defendants Dayley and Powell, the Defendants having at no time taken any effective action to prevent ISP personnel from continuing to engage in such conduct.

43. The failure to properly train Defendants Edgley, Gilbert and Barnes included the failure to instruct them on the constitutional use of force.

44. All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Williamson's federally protected rights and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of the Defendants.

45. With deliberate indifference to the rights of citizens to be free from excessive force by state police, the Defendants have encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police misconduct by:

      a.   failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

      b.   by failing to adequately punish unconstitutional uses of force;

      c.   by tolerating the use of unconstitutional force;

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 8

d.   by tolerating, encouraging, and permitting collusive statements by involved

officers in such situations.

46. It is the deliberately indifferent custom, habit, practice and/or policy of the Defendants to

permit officers to use excessive force against individuals when such use is unnecessary and

unjustified, as well as to fail to supervise and to train officers in the appropriate constitutional

limits on the use of force, knowing that these members of law enforcement therefore pose a

significant risk of injury to the public.

47. On information and belief, Defendants Dayley and Powell authorized, tolerated as

institutionalized practices, and ratified the misconduct herein before detailed by:

a.      failing to properly hire, train, discipline, restrict, and control employees, including

Defendants Edgley, Gilbert and Barnes, known to be irresponsible in their dealing with

citizens of the community;

b.      failing to take adequate precautions in the hiring, training, promotion, retention of

police personnel, including specifically Edgley, Gilbert and Barnes;

c.      failing to establish and/or assure the functioning of a bona fide and meaningful

departmental system for dealing with discharging firearms, stop procedures and

identification;

d.      failing to train officers on the constitutional use of force.

This conduct also constitutes gross negligence under state law.

48. As a consequence of the abuse of authority detailed above, Williamson sustained the

damages alleged herein.

## I.      FEDERAL CAUSE OF ACTION

### Violation of Civil Rights – 42 U.S.C. § 1983

49.  The allegations set forth in preceding paragraphs are incorporated herein by reference.

50.  The above-described actions and omissions, engaged in under color of state authority by the Defendants, each sued as a person, and those responsible because of their authorization, condonation, and ratification thereof for the acts of their agents, deprived the Plaintiff of rights secured to her by the Constitution of the United States, including, but not limited to her Fourth Amendment right to be free from unlawful seizure and by the Idaho Constitution, including, but not limited to, Article I, Section 17 right to be free from unlawful seizure.  Such deprivation of constitutional rights creates a cause of action against Defendants pursuant to 42 USC § 1983.

51. As a direct and proximate result of the Defendants' conduct, Williamson experienced pain and suffering, medical expenses, shattered bones, bullet remnants in her body, permanent disfigurement, loss of function, emotional distress, lost wages and diminished wage-earning capacity in the past and future.

52. The acts set forth above constitute negligent and intentional infliction of emotional distress; negligence or otherwise wrongful acts or omissions; negligence and/or gross negligence in planning; negligence and/or gross negligence in effecting seizure and arrest; and negligence and/or gross negligence in training, deploying and supervising officers.

53. Plaintiff seeks economic and noneconomic damages in an amount that will compensate her for her past, present and future injuries and disabilities.

54. Plaintiff seeks punitive damages in an amount that will adequately punish and deter Defendants for their reckless indifference to her civil rights and deter similar future misconduct.

## II.     PENDENT STATE CAUSES OF ACTION

55.  The allegations set forth in preceding paragraphs are incorporated herein by reference.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 10

56. Williamson timely filed a Notice of Claim to be filed with and served upon the proper officers.

57.  There was no response to said Notice of Claim within the appointed time.

58.  The acts set forth above constitute negligent and intentional infliction of emotional distress; negligence or otherwise wrongful acts or omissions; negligence and/or gross negligence in planning; negligence and/or gross negligence in effecting seizure and arrest; and negligence and/or gross negligence in hiring, training, deploying and supervising officers.

59. As a direct and proximate result of the Defendants' conduct, Williamson experienced pain and suffering, medical expenses, shattered bones, bullet remnants in her body, permanent disfigurement, loss of function, emotional distress, lost wages and diminished wage-earning capacity in the past and future.

60. Plaintiff seeks economic and noneconomic damages in an amount that will compensate her for her past, present and future injuries and disabilities.

61. Plaintiff seeks punitive damages in an amount that will adequately punish Defendants for their reckless indifference to her civil rights and deter similar future misconduct.

62. This Court has pendent jurisdiction to hear and adjudicate these claims.

63. Plaintiff has complied with bond requirement by filing with the United States District Court for the District of Idaho a request for waiver of bond due to indigency.  That waiver has been granted by the Court.

**ATTORNEYS FEES**

64.  The allegations set forth in preceding paragraphs are incorporated herein by reference.

65. As a direct and proximate result of the conduct of Defendants, Plaintiff has been required to retain the services of counsel.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 11

66. Plaintiff is entitled to an award of attorney fees pursuant to 42 USC § 1988 and Idaho Code §§ 12-117, 12-120 and 12-121.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows;

A.  An award of past and future damages against all the Defendants, jointly and severally, for the injuries to Plaintiff, in an amount to be proved at trial but in excess of $75,000;

B.  Compensatory and consequential damages, including damages for emotional distress, bodily injury, loss of enjoyment of life, permanent loss of function, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

C.  Economic losses on all claims allowed by law;

D.  Special damages in an amount to be determined at trial;

E.  Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

F.  An award of Plaintiff's attorney fees reasonably incurred pursuant to 42 U.S.C. § 1988 and Idaho Code §§ 12-117, 12-120 and 12-121.

G.  An award of Plaintiff's costs of suit; and

H.  Any such further relief the court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all so triable issues.

DATED this 19th day of April 2019.

HEARN LAW PLC
By:  /s/   John J. Bulger
        JOHN J. BULGER

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 12